## MOODY a. TOWNSEND.

*Supreme Court, First District; General Term, September,* 1856.

JUDGMENT UPON CONFESSION.—REQUISITES OF STATEMENT.

A statement for confession of judgment, which states generally, that the judgment was " for goods sold and delivered," or on a note " given for goods sold and delivered," is insufficient.

So *held,* on a motion by a *creditor** of the confessor of judgment, to set the judgment aside.

---

* Later in the September Term, the case of Von Keller a. Muller, came up on appeal, presenting the same question on a motion of the *confessor of judgment* himself. In that case it appeared that the firm of Thorn & Muller had made a promissory note; and that Muller had afterwards executed papers for entry of judgment on confession, against him, " as one of the firm of Thorn & Muller." The statement set out the note, as the indebtedness. A motion made by *Muller* to vacate the judgment had been denied at Special Term, and Muller now appealed.

Mr. Moncrief, for the respondent, contended for a distinction between a motion made by the judgment debtor himself, and one made by a creditor.

Mr. Wallace, for appellant, argued that the judgment was not merely voidable at the instance of a creditor, but was *void in toto.* It was not a case of mere irregularity. It could not be sustained by aid of the general jurisdiction of the court, for the reason that the parties were not in court at all, until a valid judgment was entered. The statute authorized the county clerk to enter the judgment upon certain papers being presented to him. Unless there was in the papers presented, a complete compliance with the statute, the clerk had no authority to act. He acted not as clerk of the court, but as clerk of the city and county of New York. If he assumed to enter a judgment against a party, without such statement of in-

Moody *a.* Townsend.

The judgment in this case was vacated at special term, on the ground that the statement of indebtedness was insufficient. The moving party was a creditor of the debtor upon the judgment.

*Lawton & Larned,* for the appellant.
*David Dudley Field,* for the respondent.

ROOSEVELT, J.—Where a judgment is entered by confession, it is necessary that the sworn statement of indebtedness accompanying it should be sufficiently specific in sums, dates, and considerations to enable the other creditors of the debtor, with reasonable facility, to investigate its genuineness and protect themselves against fraud.

A general allegation that the judgment was "for goods sold and delivered," or on a note "given for goods sold and delivered," is not a compliance with requirements of the statute.

Order affirmed, without costs.

---

debtedness as the statute required, his act was void ; and as it apparently encumbered the property of such party, the latter was entitled to have it vacated.

The court however, (at October Term) affirmed the order :—*Holding,* that the question was whether or not the statement signed by the party confessing was sufficient under the statute.   The statement *was* sufficient to bind the *party,* but *was not* sufficient to bind his *creditors.*   As against Muller it was not necessary that the statement should be more specific.   If his creditors did not object, he could not. The object of requiring the statement to set forth the facts out of which the indebtedness arose, was to give a protection to creditors against judgments which parties indebted to them might otherwise confess upon sham claims.  A fuller statement might therefore be necessary as against creditors than as against the debtor on the judgment.

The form of the judgment was also proper.   To bind him "as one of the firm," meant to bind not only him individually, but the partnership property.   This was done by entering it against both partners